```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

CHARLES COBBS,

            Plaintiff,                    MEMORANDUM
                                          AND ORDER
   -against-                              05-CV-4060 (DGT)

CHASE MANHATTAN MORTGAGE CORP,

            Defendant.
-------------------------------x
```

TRAGER, District Judge:

Plaintiff filed a pro se complaint, a proposed order to show cause and a memorandum of law in support of order to show cause for preliminary injunction and temporary restraining order seeking to stay his imminent eviction from the house he lost to foreclosure for defaulting on his mortgage five years ago.[1] On August 24, 2005, the Court heard oral argument and declined plaintiff's request for a preliminary injunction and a temporary restraining order.[2] The complaint is hereby dismissed for the reasons set forth below.

For the reasons stated at the conference, this Court lacks subject matter jurisdiction over plaintiff's claims pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,

---

[1] Plaintiff has paid the filing fee to bring this action.

[2] Plaintiff was present at the hearing and George Schmergel, attorney for defendant Chase Manhattan Mortgage Corp. appeared by telephone.

482-86 (1983) (Rooker-Feldman doctrine).  The Supreme Court recently stated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ___, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), that the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."  Id. at 1521-22.

Plaintiff has already litigated the foreclosure in state court.  On February 9, 2004, the Supreme Court, Appellate Division, affirmed the decision of Queens County Supreme Court denying plaintiff's motion to vacate and set aside the judgment of foreclosure and sale.  Chase Manhattan Mortgage Corp. v. Cobbs, 4 A.D.3d 383, 771 N.Y.S.2d 387 (2nd Dep't 2004).  On June 1, 2004, the New York State Court of Appeals denied petitioner leave to appeal.  See Chase Manhattan Mortgage Corp. v. Cobbs, 3 N.Y.3d 656, 816 N.E.2d 569 (2004).  Accordingly, plaintiff may not re-litigate his foreclosure and eviction claims in this Court.  See Trang v. Concris Realty Co., No. 05-CV-5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (no subject matter jurisdiction over eviction proceedings).

## Conclusion

For the reasons stated above, plaintiff's proposed order to show cause for preliminary injunction and temporary restraining

2

order cannot be considered and the complaint is dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close the case.

SO ORDERED.

/s/
DAVID G. TRAGER
United States District Judge

Dated:   Brooklyn, New York
         August 25, 2005